IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AARON ALLEN and LORI ALLEN, | § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:17-cv-00755-G-BN |
| DITECH FINANCIAL, LLC, | § § | |
| Defendant. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish.

Defendant Ditech Financial, LLC ("Ditech") has filed a Motion to Dismiss. *See* Dkt. No. 11.

Plaintiffs Aaron Allen and Lori Allen ("the Allens") have not filed a response, and their time to do so has expired.

For the reasons and to the extent explained below, the Court should grant Defendant Ditech's Motion to Dismiss [Dkt. No. 11].

**Background**

On or about December 17, 2002, the Allens purchased a home in Garland, Texas (the "Property"). They signed a promissory note (the "Note") to finance the purchase. And the Allens secured the Note through a Deed of Trust pledging their interest in the

-1-

Property as security (the "Deed of Trust").

Defendant Ditech holds the Note and Deed of Trust (collectively, the "Loan"). When the Allens defaulted on the Loan, Ditech initiated foreclosure proceedings.

The Allens then filed this lawsuit on February 7, 2017.

In their State Court Petition ("Petition"), the Allens argue that Ditech is liable to the Allens because Ditech "has continually refused to give Plaintiffs the correct information of the amounts owed and distribution of amounts paid by Plaintiffs and in addition has not distributed proceeds from the Plaintiff correctly." Dkt. No. 1-5 at 1 of 50. The Allens label their claim as one for gross negligence. *See id.* at 2 of 50.

On this basis, the Allens seek an injunction prohibiting Ditech from taking further action on the Property until Ditech and the Allens reach an agreement as to the amount owed on the Property. The Allens also ask the Court to compel Ditech to disclose the amounts that the Allens owe on the Loan and how their previous payments were distributed.

In its Motion to Dismiss, Ditech contends that the Allens' gross negligence claim against it should be dismissed for two reasons. First, Ditech argues that the Allens' gross negligence claim fails as a matter of law because it is barred by the economic loss rule. Second, Ditech argues that the Allens have not asserted facts indicating that Ditech owed and breached a duty outside of the Loan contract.

Ditech further maintains that, because the Allens have not stated an underlying claim to relief, the Allens' requests for an accounting, declaratory relief, and injunctive relief similarly fail. Ditech argues that allowing the Allens to amend their Petition

would be futile and that the Allens' claims should be dismissed with prejudice.

## Legal Standards

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of the a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation."

*Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id*. But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that the plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6)

context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205. Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). And "[t]here is nothing improper about the

district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion" – although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties." *Turnage v. McConnell Techns., Inc.*, 671 F. App'x 307, 309 (5th Cir. Dec. 12, 2016). The Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Id.* (internal quotation marks and citations omitted).

**Analysis**

Ditech argues that the Allens' claim for gross negligence should be dismissed because (1) the economic loss rule bars the Allens from making a tort claim against Ditech for breaching duties established solely by the Loan documents and (2) the Allens have failed to plead sufficient facts establishing that Ditech owed them a duty outside the Loan documents. Ditech further argues that, because the Allens have failed to state a viable underlying claim, the Allens' claims for an accounting and declaratory and injunctive relief also fail.

For the reasons explained below, the undersigned concludes that the Allens' claims against Ditech for gross negligence and equitable relief should be dismissed without prejudice.

I. The Allens' gross negligence claim should be dismissed because the Allens have alleged insufficient facts to show what duty Ditech owed and breached.

Ditech argues that the Allens have failed state a claim against them for gross negligence because the Allens have failed to allege that – and how – Ditech owed them a legal duty independent of the Loan contract and because the Allens' claim is barred by the economic loss rule insofar as the Allens base their claim on Ditech's breach of only its duties contained in the Loan documents.

The undersigned concludes that the Allens have failed to state a claim against Ditech because they failed to plead sufficient facts indicating what duty Ditech owed to them and breached.

The economic loss rule bars the Allens' tort claim for gross negligence to the extent that it arises solely from Ditech's alleged breach of duty under the Loan documents. "In Texas, the economic loss rule 'generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract.'" *McDaniel v. JPMorgan Chase Bank, N.A.*, No. 1:12-cv-392, 2012 WL 6114944, at *7 (E.D. Tex. Dec.10, 2012) (quoting *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007)). "That is, 'a duty in tort does not lie when the only injury claimed is one for economic damages recoverable under a breach of contract claim.'" *Id.* (quoting *Sterling Chems., Inc. v. Texaco Inc.*, 259 S.W.3d 793, 796 (Tex. App. 2007)). "Thus, the rule restricts contracting parties to contractual remedies for economic losses associated with their relationship, 'even when the breach might be reasonably viewed as a consequence of a contracting party's negligence.'" *Id.* (quoting *Lamar Homes, Inc.*, 242 S.W.3d at 13). "The focus of the rule is on determining whether the injury is to the subject of the contract itself." *Id.* (internal quotation marks omitted). And the burden

is on the plaintiff to establish evidence of an independent injury. *See id.* (citing *Esty v. Beat*, 298 S.W.3d 298, 302 (Tex. App. 2009)).

"Accordingly, the economic loss rule regularly precludes foreclosure actions that seek economic damages based only on the duties enumerated in the deed." *Jones v. Select Portfolio Servicing, Inc.*, No. 3:16-cv-2331-K-BN, 2016 WL 6581279, at *8 (N.D. Tex. Oct. 12, 2016) (citing *Thompson v. Bank of Am., N.A.*, 13 F. Supp. 3d 636, 652-53 (N.D. Tex. 2014) (finding that the rule precludes a negligence claim based on the defendant's duty to manage the loan since these duties derive from the deed of trust)).

But the economic loss rule does not bar a plaintiff from "bring[ing] a tort claim if it is brought on a basis independent from the contract." *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 45 (Tex. 1998). "[I]f a particular duty is defined both in a contract and in a statutory provision, and a party violates the duty enumerated in both sources, the economic loss rule does not apply." *McCaig v. Wells Fargo Bank (Tex.), N.A.*, 788 F.3d 463, 475 (5th Cir. 2015) (citing *Formosa*, 960 S.W.2d at 47); *see also Chapman Custom Homes, Inc. v. Dallas Plumbing Co.*, 445 S.W.3d 716, 718 (Tex. 2014) ("[A] party states a tort claim when the duty allegedly breached is independent of the contractual undertaking and the harm suffered is not merely the economic loss of a contractual benefit."). "A statutory offender will not be shielded from liability simply by showing its violation also violated a contract." *McCaig*, 788 F.3d at 475.

But, here, it is unclear from the Allens' Petition what duty they allege that

-8-

Ditech owed to the Allens, whether that duty originates from the Loan documents or a statute, and what specific injury Ditech's alleged breach of its duty caused the Allens. Ditech itself acknowledges in its motion to dismiss that "Plaintiffs have failed to establish that any duty exists on Defendant's part outside of the mortgage loan contract, nor have they asserted any facts that indicate Defendant breached any alleged duty that arises from the mortgage loan contract. Dkt. No. 11 at 6. The allegations in the Allens' Petition are too bare to state a claim to relief – for gross negligence based on Ditech's breach of the Loan contract or otherwise – because the Allens have pleaded insufficient facts to show what duty the Ditechs owed them and allegedly breached by "refus[ing] to give Plaintiffs the correct information of the amounts owed and distribution of amounts paid by Plaintiffs and ... not distribut[ing] proceeds from the Plaintiff correctly," Dkt. No. 1-5 at 2 of 50, from where that duty originated, and how the Allens were injured by Ditech's alleged action.

Given these deficiencies, the undersigned concludes that the Allens have failed to plead sufficient facts to state a claim to relief against Ditech. But, because the Allens have not alleged what injury they have suffered and whether that injury results from Ditech's alleged breach of the Loan contract or from some other legal duty, the Court cannot yet determine whether the Allens' claim against Ditech is barred by the economic loss rule and fails as a matter of law. And, because it is not clear that the Allens have pleaded their best case, the Allens' claim against Ditech should be dismissed without prejudice.

II. The Allens' claims for an accounting, declaratory relief, and injunctive relief

<u>should be dismissed because the Allens have not stated an underlying claim.</u>

The Allens ask the Court to grant them three forms of equitable relief. First, the Allens ask the Court to compel Ditech to disclose the amounts owed and distribution of amounts paid on the Loan. Second, the Allens request that the Court compel Ditech to "enter into discussions" with the Allens "until the matter is resolved." Dkt. No. 1-5 at 3. Third, the Allens ask that the Court enter an injunction providing that "[n]o further action shall be taken on the Property by Ditech ... until there is ... an agreement reached by Ditech ... and the Plaintiff as to the amount owed on the property." *Id.*

Ditech maintains that the Allens' requests for an accounting, declaratory relief, and injunctive relief fail because each is dependent on an underlying claim and the Allens have failed to state a plausible claim to relief.

Because the undersigned concludes above that the Allens have failed to state a substantive claim, the Allens' claims to equitable relief should be dismissed without prejudice.

"An accounting is an equitable remedy, not an independent cause of action." *Collins v. GospoCentric Records*, No. 3:00-cv-1813-H, 2001 WL 194988, at *1 (N.D. Tex. Feb. 22, 2001). And here, the Allens have not alleged any facts which show that Ditech is liable to it and that an accounting is necessary to determine the amount owed on the Loan.

A request for declaratory judgment depends on a viable underlying cause of action. *See Collin Cnty. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 171 (5th Cir. 1990) ("[I]t is the underlying cause of action ... that is actually

litigated in a declaratory judgment action.").

And, where the Court dismisses all of a plaintiff's substantive claims, as the undersigned recommends the Court do here, a plaintiff cannot maintain a claim for injunctive relief. *See Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 343 n.15 (5th Cir. 2012) ("[A] request for injunctive relief absent an underlying cause of action is fatally defective.").

Because the undersigned has concluded that the Allens have failed to state a plausible claim to relief against Ditech, Ms. Adams's claims for an accounting, declaratory relief, and injunctive relief should also be dismissed without prejudice.

**Recommendation**

For the reasons stated herein, the Court should grant Defendant Ditech's Motion to Dismiss [Dkt. No. 11] and dismiss Plaintiffs Aaron Allen and Lori Allen's claims against Defendant Ditech without prejudice. The Court should grant the Allens 21 days from the date of any order adopting these Findings, Conclusions, and Recommendation in which to file an amended complaint consistent with this recommendation and the conclusions and findings above and should order that, if the Allens fail to do so, their claims against Defendant Ditech will be dismissed with prejudice without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P.

72(b). In order to be specific, an objection must identify the specific findings or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, expect upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415,1417 (5th Cir. 1996).

Dated: December 22, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE